# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

BRANDON SULLIVAN                                                                      PLAINTIFF

v.                                                                                          No. 4:04CV201-P-A

WASHINGTON COUNTY JAIL, ET AL.                                                  DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Brandon Sullivan, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerate when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff claims that on June 21, 2004, he was bitten by what he believes was a spider while he was sleeping. He showed Officer Richard McKinley, who said he would not take the plaintiff to medical unless the plaintiff's condition worsened. McKinley rubbed some alcohol on the affected area and gave the plaintiff two capsules of Tetracycline. Later that day, the plaintiff became ill and vomited. McKinley brought the plaintiff to the Jailor's Office for observation, and, twenty minutes later, Deputy Blackmon took the plaintiff to the Family Medical Clinic, where he was treated and released. The plaintiff received a shot and a prescription for Clindamycin, an antibiotic. Both before and after the incident, the plaintiff was treated with Tagamet for stomach problems.

**Denial of Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254

F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, the plaintiff was bitten in his sleep, presumably by a spider. He was treated initially by defendant McKinley with an alcohol swab and two capsules of Tetracycline. When the plaintiff became ill later, he was taken to the Jailor's Office for observation, then to be treated at a medical facility. All of these events occurred on the same day. The plaintiff was treated for his ailments; he simply disagrees with the treatment provided. As discussed above, however, such disagreement does not rise to the level of a constitutional claim. As such, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

## Exhaustion

In his answer, the defendant raises the affirmative defense of failure to exhaust. Under the Prison Litigation Reform Act, a prisoner plaintiff seeking relief in federal court under 42 U.S.C. § 1983 must exhaust his prison administrative remedies. 42 U.S.C. § 1997e(a), *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). The plaintiff has not exhausted the administrative remedies available at the Washington County Jail; as such, the instant case must be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of February, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE